"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTOBAL PAREDES,<br><br>   Plaintiff,<br><br> v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>   Defendant. | Case No. EDCV 05-832 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is granted, and the Commissioner's request for an order affirming her final decision is denied.

1 The relevant background facts are familiar to both parties and Plaintiff has
2 stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and
3 accurately summarizes the hearing testimony and medical evidence in the record except
4 as noted in his contentions.

5 Plaintiff asserts that the ALJ erred by: (1) failing to pose a complete hypothetical
6 question to the vocational expert ("VE"); and (2) failing to properly develop the record.
7 The Commissioner disagrees.

8 Plaintiff's argument that the ALJ failed to pose a complete hypothetical question
9 to the VE is persuasive. The ALJ must pose a hypothetical to the VE that outlines all the
10 limitations of the particular claimant. *See DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th
11 Cir. 1991). If the hypothetical fails to reflect all of the claimant's limitations, the VE's
12 testimony cannot support a finding that the claimant could perform jobs in the national
13 economy. *See id.* Here, the VE's testimony, upon which the ALJ relied in her opinion,
14 responded to a hypothetical that did not include Plaintiff's documented use of crutches.
15 [AR at 89, 96.] In the decision, the ALJ limited Plaintiff to sedentary work and noted that
16 Plaintiff was able to walk "unassisted." [AR at 18.] However, the record contains
17 evidence showing that Plaintiff used crutches or some form of assistive walking device
18 from February 2004 through May 2005. [AR at 89, 96, 164, 166.] Because the ALJ
19 failed to inform the VE of Plaintiff's use of crutches, the VE's testimony that Plaintiff
20 was capable of performing the sedentary jobs of assembler and charge account clerk is
21 deemed to have little evidentiary value for the period between February 2004 and May
22 2005. [AR at 19, 206-07]; *see, e.g., Johnson v. Bowen*, 687 F.Supp. 1284, 1299 (W.D.
23 Wis. 1988)(finding that claimant who could not stand without crutches for more than 10
24 minutes could not perform the full range of sedentary work); *Kellam v. Bowen*, 663
25 F.Supp. 238, 243 (E.D. Pa. 1987)(use of crutches could erode the sedentary work base).[1]

---

[1] Because the record is not sufficiently developed to support a determination of
(continued...)

## II.  CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED.  The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:     June 30, 2006           /s/ Arthur Nakazato
                                                    ARTHUR NAKAZATO
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] (...continued) disability without further proceedings, the Court will not decide whether the remaining issue raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the Commissioner consider all of Plaintiff's arguments when determining the merits of his case on remand.